IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANUEL WILLIAMS,

                Petitioner,                      ORDER

     v.                                                 09-cv-232-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

     Petitioner Manuel Williams, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254.

     In the petition, petitioner asserts that on January 30, 2009, he was found guilty by a prison disciplinary committee of several conduct offenses. As a penalty, the committee extended his mandatory release date from June 12, 2009 to July 2, 2009. Petitioner alleges that the extension of his mandatory release date is in violation of Wis. Admin. Code DOC § 303.84 (appendix) and is unconstitutional.

     A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, because "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996).

Petitioner has not offered any facts or arguments in support of his contention that the disciplinary committee acted unlawfully when it extended his mandatory release date. Petitioner's bare-bones assertion that the extension was "unconstitutional" is simply too conclusory to warrant any response from the state. What is more, it appears that petitioner has not exhausted his state court remedies. 28 U.S.C. § 2254(b)(1) (before filing petition under § 2254, state prisoner must exhaust all adequate and available state remedies). Although petitioner asserts that he presented his claim to the warden by utilizing the prison's inmate complaint review process, documents attached to the petition show that the warden rejected that claim on the ground that the inmate complaint review process is not available to present challenges to an inmate's record. (In fact, it appears that to challenge the

extension of his mandatory release, petitioner was required to appeal the action of the disciplinary committee, pursuant to Wis. Admin. Code § DOC 303.76(7).)  Further, petitioner has not alleged that he challenged the prison disciplinary action by filing a petition for a writ of certiorari in the state circuit court, a step he was required to take in order to exhaust his state court remedies.  McAtee v. Cowan, 250 F.3d 506, 509 (7th Cir. 2001). For these reasons, the petition must be dismissed.

ORDER

IT IS ORDERED that the petition of Manuel Williams for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies and for his failure in his petition to state facts showing he is entitled to relief.

Entered this 28th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge