IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANUEL WILLIAMS, JR.,

                Petitioner,                          ORDER

     v.                                                   09-cv-232-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

Manuel Williams, Jr. has filed a motion for reconsideration of the order and judgment entered April 28, 2009, dismissing his petition for a writ of habeas corpus without prejudice. From the petition, this court understood petitioner to be challenging a January 30, 2009 decision by the prison disciplinary committee. The court dismissed the petition without prejudice because it appeared that petitioner had not exhausted the state court remedies that were available for contesting the disciplinary decision and because it was unclear why petitioner was contending that the extension of his mandatory release date was "unconstitutional." In his motion for reconsideration, petitioner asserts that he is not contesting the propriety of the disciplinary decision, but rather is contesting the authority of the record office supervisor to calculate his mandatory release date. According to the petitioner, only the disciplinary committee can extend an inmate's mandatory release date.

Petitioner's motion is not so much a request for reconsideration as it is an attempt to amend his petition. Nowhere in the petition did petitioner allege that he was contesting the records office supervisor's authority to calculate his mandatory release date. The purpose of a Rule 59 motion is to bring to the court's attention newly a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity for a party to submit evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

Nonetheless, even if I were to consider petitioner's new allegations, they would not warrant reconsideration of the April 28 order. Petitioner's claim, as clarified, has no merit. Documents attached to his motion show that he was in segregation for 42 days, from January 30, 2009 to March 13, 2009. His mandatory release date was extended by 21 days, from June 12, 2009 to July 2, 2009. Under Wis. Stat. § 302.11(2)(b), an inmate who is placed in adjustment, program or controlled segregation status "shall have his or her mandatory release date extended by a number of days equal to 50% of the number of days spent in segregation status." In other words, extension of an inmate's mandatory release is an automatic and mandatory consequence of disciplinary segregation. Here, petitioner's mandatory release was extended by one-half the number of days he spent in segregation, in accordance with the statute's directive. Nothing that petitioner has submitted indicates that

it is inappropriate for a record office supervisor to perform the ministerial task of making this calculation.

ORDER

IT IS ORDERED that the motion of Manuel Williams, Jr. for reconsideration of the April 28, 2009 order and judgment is DENIED.

Entered this 25th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge